## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

CHARLES R. BATT & another, executors, *vs.* JESSIE S.
HENDERSON & others.

Suffolk.    January 21, 1902. — February 28, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Devise and Legacy*, Construction, Perpetuities.

The residuary clause of a will gave the residue to trustees to hold until January 1,
1901, and to pay the income, one quarter in reduction or payment of any mort-
gages on the testator's real estate, one quarter to his widow, and the remaining
one half to four children named and their issue, and, after all the mortgages had
been paid and discharged, to pay one third of the income to the widow during
her life, "or until January 1, 1901, should she so long live," or if she died before
that day to the four children named, and the remaining two thirds of the income
"until January 1, 1901," to the four children named and their issue, and "on
the first day of January, 1901, or upon the full payment of all such mortgages
should that occur at a later date, to pay over and convey the trust estate," in
case the widow had died, to the four children named.   The testator died Feb-
ruary 8, 1894.   On January 1, 1901, the widow had died, and a portion of the
mortgages remained unpaid.   On a bill for instructions, the question was raised,
whether the trust created by the residuary clause was void, because the time
for distribution might occur beyond the limit allowed by the rule against per-
petuities.   *Held*, that by the true construction of the clause no question of vio-
lation of the rule against perpetuities arose, as the trust terminated on January
1, 1901; that the provision that the distribution of the principal should take
place on January 1, 1901, "or upon the full payment of all such mortgages
should that occur at a later date" did not extend the period beyond the date

VOL. 181.                            1

named, but meant that if on that date, when the accumulation of income to pay the mortgages ended, the mortgages had not been paid, they should then be paid out of the principal, and the balance distributed among the persons named.

BILL FOR INSTRUCTIONS, filed November 9, 1901, by the executors and trustees under the will of James M. Smith, late of Boston, who died on February 8, 1894.

The case came on to be heard before *Loring*, J., who reserved it upon the amended bill and answers for the consideration of the full court. The only question was whether the residuary clause provided for a time of distribution that might occur beyond the limit allowed by the rule against perpetuities. The provisions of this clause are stated by the court.

*W. B. Farr*, for the plaintiffs.

*W. R. Sears*, for the defendant Henderson.

*J. Codman*, guardian *ad litem, pro se.*

LORING, J. We are of opinion that, by the true construction of the will of James M. Smith, the accumulation of a quarter of the income of the residue of the estate and the duration of the equitable interests which accompany it, ceased on January 1, 1901; as that period ends within twenty-one years next after the death of the testator, the questions discussed by counsel as to the validity of the gifts over by reason of the rule against perpetuities do not arise.

The residuary clause of the will is substantially as follows: The residue is given to trustees (first) "in trust nevertheless, to take, hold, manage, invest, and reinvest the same until January 1, 1901," and "to pay over and distribute the net income" one quarter to the reduction or payment of any mortgages on the testator's real estate, one quarter to his widow, and one half to and among four of his children, who are named, and their issue; (second) "after all such mortgages shall have been fully paid off and discharged to distribute and pay over said net income semiannually as follows: One third thereof to my said wife during her life, or until January 1, 1901, should she so long live. Should she die before January 1, 1901, this one third" to the four last named children and "two thirds thereof equally until January 1, 1901," among the four children aforesaid and their issue by right of representation. And finally "on the first day of January, 1901, or upon the full payment of all such mort-

gages should that occur at a later date, to pay over and convey the trust estate" in the event which has happened "to my four last named children and their issue by right of representation."

By the first two parts of the residuary clause of the will the accumulation is in terms restricted to the period ending on January 1, 1901; we do not think that the provision in the third part of that clause, that the distribution of the corpus of the trust shall take place on January 1, 1901, "or upon the full payment of all such mortgages should that occur at a later date," extends that period; this part of the residuary clause contemplates that on January 1, 1901, when the accumulation of income to pay mortgages ends, the mortgages may not have been paid, and in that event it is contemplated that the mortgages shall be then paid, that is to say, out of the corpus and the balance thereof distributed among the persons named.

It appears that an agreement has been made between the four children in question and their sister Jessie S. Henderson by which all five are to share equally in the residue.

The trustees should pay off the mortgage now subsisting on the real estate of the testator out of the principal of the trust fund and should distribute the balance thereof in accordance with the will and the agreement mentioned above.

*So ordered.*